IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE BLACKSTOCK,<br><br>               Plaintiff,<br><br>vs.<br><br>APRIL HART, CPL. MORSE, SGT. RYINSDORFF, ROBERT MADSEN, SCOTT FRAKES, RN D. MARTINEZ, and WAYNE CHANDLER,<br><br>               Defendants. | 8:18CV253<br><br>**MEMORANDUM AND ORDER** |

      Petitioner Jesse Blackstock, an inmate in the custody of the State of Nebraska, has brought a habeas corpus action. (Filing No. 1.) After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss the action without prejudice.

      Blackstock states his "Complaint [is] brought for a violation of [his] Federal Constitutional rights" by several employees of the Nebraska Department of Correctional Services ("NDCS"). (Filing No. 1 at CM/ECF p. 1.) Blackstock claims he was denied medical attention and necessary medication for his anxiety disorder and depression on June 1, 2018. He further alleges that the Defendants ignored his requests for his medication and medical help causing him to have a panic attack and injure his knee and ankle when he kicked his cell door in an attempt to get help. Blackstock seeks $5,000.00 in damages "for Mental Anguish and hurting my knee and the injury to [his] Mental Health" and asks the court to release him on his own recognizance because NDCS "is denying [him] due process" and "can't even house [him] without violating [his] Civil Rights." (*Id.* at CM/ECF p. 4–5.)

These are plainly "conditions of confinement" claims that are not properly brought as habeas corpus claims. That is:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Because it "plainly appears from the petition . . . that [Blackstock] is not entitled to relief" under Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983. For completeness, I note that I previously dismissed a "Writ of Habeas Corpus" filed by Blackstock because the claims raised in the petition were not properly brought as habeas corpus claims. (*See Blackstock v. Frakes*, Case No. 4:18CV3059, Filing Nos. 8, 9.)

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition ([filing no. 1](filing no. 1)) is dismissed without prejudice and particularly without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

2. The Clerk shall mail a copy of Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner) and a copy of AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) to Mr. Blackstock.

3. Judgment will be entered by separate order.

4. No certificate of appealability has been or will be issued.

Dated this 2nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge